**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
212.309.6000
Amber Kagan (AK-7973)
Jill Barbarino (JB-6385)

**LANDMAN CORSI BALLAINE & FORD P.C.**
120 Broadway, 27th Floor
New York, New York 10271
212.468.4800
Daniel S. Moretti (DM-6630)

Attorneys for Defendants Dentsu Holdings USA, Inc.,
Dentsu America, Inc., Toyo Shigeta and Timothy Andree

**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------- x

STEVE BIEGEL,

                    **Plaintiff,**

     -against-

DENTSU HOLDINGS USA, INC.,
DENTSU AMERICA, INC., TOYO
SHIGETA and TIMOTHY ANDREE,

                **Defendants.**

---------------------------------------- x

**07 Civ. 9653 (CM) (THK)**


**ELECTRONICALLY FILED**


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.    PLAINTIFF'S SEXUAL HARASSMENT CLAIM SHOULD BE DISMISSED............ 1

    A.    The Continuing Violations Doctrine Does Not Apply To Revive Plaintiff's Time-Barred Allegations ...................................................................................... 1

    B.    Plaintiff's Same-Sex Sexual Harassment Allegations Are Not "Because Of His Gender." ............................................................................................................ 3

    C.    The Alleged Incidents Of Harassment Are Not Sever Or Pervasive ................... 5

    D.    The Conduct Plaintiff Alleges Did Not Interfere With His Employment ............. 7

II.   PLAINTIFF'S RETALIATION CLAIM MUST BE DISMISSED. ................................ 8

    A.    Plaintiff Did Not Engage In Protected Activity, Nor Did He Make Defendants Aware Of The Protected Activity. ...................................................... 8

    B.    Plaintiff Cannot Show Any Causal Connection Between His Alleged Conversation with Mr. Shigeta And His Termination ......................................... 9

III.  PLAINTIFF'S DEFAMATION CLAIM WHOLLY FAILS TO MEET THE HEIGHTENED PLEADING STANDARD FOR DEFAMATION. ............................. 10

IV.   CONCLUSION................................................................................................................ 11

## TABLE OF AUTHORITIES

*Baily v. Synthes,*
    295 F. Supp. 2d 344 (S.D.N.Y. 2003)..................................................................6

*Bell Atlantic Corp. v. Twombly,*
    127 S. Ct. 1955 (2007)..................................................................................7

*Borski v. Staten Island Rapid Transit,* No. 04-Civ-3614
    2006 U.S. Dist. LEXIS 89242 (E.D.N.Y. Dec. 11, 2006) ....................................3, 4, 8

*Brierly v. Deer Park Union Free Sch. District,*
    359 F. Supp. 2d 275 (E.D.N.Y. 2005) ...........................................................2

*Carrero v. New York City Hous. Auth.,*
    890 F.2d 569 (2d Cir. 1989)......................................................................5

*Carter v. Cornell University,*
    976 F. Supp. 224 (S.D.N.Y. 1997) ...............................................................5

*Ciccotto v. LCOR,* No. 99-11646,
    2001 U.S. Dist. LEXIS 1125 (S.D.N.Y. Jan. 31, 2001)......................................3

*Harris v. Forklift Sys., Inc.,*
    510 U.S. 17, 114 S. Ct. 367 (1993).............................................................5

*Hollander v. Am. Cyanamid Co.,*
    895 F.2d 80 (2d Cir. 1990).......................................................................9

*Matlosz v. J.P. Morgan Chase,* No. 03 Civ. 6235,
    2005 U.S. Dist. LEXIS 20157 (S.D.N.Y. Sept. 3, 2005).....................................7

*Mills v. Miteq, Inc.,* No. CV 06-752(SJF)(AKT),
    2007 WL 2908218 (E.D.N.Y. Sept. 14, 2007) ...............................................10

*Moll v. Telesector Res. Group,* No. 04-CV-08055
    2005 U.S. Dist. LEXIS 43605 (W.D.N.Y. Sept. 29, 2005) ..................................2, 3

*Mormol v. Costco Wholesale Corp.,*
    364 F.3d 54 (2d Cir. 2004).......................................................................6, 7

*Nat'l R.R. Passenger Corp. v. Morgan,*
    536 U.S. 101, 122 S. Ct. 2061 (2002)...........................................................2

*Nurriddin v. Goldin,*
    382 F. Supp. 2d 79 (D.D.C. 2005).................................................................2

*Oncale v. Sundowner Offshore Serv., Inc.,*
    523 U.S. 75, 118 S. Ct. 998 (1998).............................................................3

*Osorio v. Source Enter.,* No. 05 Civ. 10029(JSR),
    2006 WL 2548425 (S.D.N.Y. Sept. 5, 2006)...............................................6

*Pagan v. New York State Div. of Parole,* No. 98 Civ. 5840,
    2003 WL. 22723013 (S.D.N.Y. Nov. 18, 2003).........................................5

*Paquin v. MBNA Mkt. Sys., Inc.,*
    233 F. Supp. 2d 58 (D. Me. 2002) ..............................................................1

*Patterson v. County of Oneida, New York,*
    375 F.3d 206 (2d Cir. 2004).......................................................................2

*Perry v. Ethan Allen, Inc.,*
    115 F.3d 143 (2d Cir. 1997)........................................................................5

*Ponticelli v. Zurich Am. Ins. Group,*
    16 F. Supp. 2d 414 (S.D.N.Y. 1998)..........................................................9

*Ramos v. City of New York,* No. 96 CIV 3787,
    1997 U.S. Dist. LEXIS 10538 (S.D.N.Y. July 12, 1997)............................7

*Raum v. Laidlaw,* No. 98-9091,
    1999 U.S. App. LEXIS 8219 (2d Cir. Apr. 23, 1999) ................................4

*Rizzo-Puccio v. College Auxiliary Serv., Inc.,*
    71 F. Supp. 2d 47 (N.D.N.Y. 1999).............................................................7

*Simonton v. Ronyon,*
    232 F.3d 33 (2d Cir. 2000)..........................................................................4

*Sitar v. Indiana Dep't of Transp.,*
    344 F.3d 720 (7th Cir. 2003) ......................................................................8

*Stembridge v. City of New York,*
    88 F. Supp. 2d 276 (S.D.N.Y.2000).............................................................5

*Stepheny v. Brooklyn Hebrew Sch. for Special Children,*
    356 F. Supp. 2d 248 (E.D.N.Y.2005) ..........................................................5

*Tiffany v. KDF Co.*, No. 3:04-cv-0677,
     2005 U.S. Dist. LEXIS 26201 (N.D.N.Y. Oct. 24, 2005) ...........................................2

*Tomka v. Seiler Corp.*,
     66 F.3d 1295 (2d Cir. 1995)...............................................................................6

*Trezza v. Dilenschneider Group*, No. 99-civ-0185,
     2000 U.S. Dist. LEXIS 16461 (S.D.N.Y. November 13, 2000)...................................2

*United States v. New York Presbyterian Hosp.*, No. 06 Civ. 4056,
     2007 U.S. Dist. LEXIS 53826 (S.D.N.Y. July 24, 2007) ...........................................10

*Williams v. Port Auth. of N.Y. & N.J.*,
     880 F. Supp. 980 (S.D.N.Y.1995) .......................................................................5

*Woodcock v. Montefiore Med. Ctr.*, No. 98-CV-4420,
     2002 U.S. Dist. LEXIS 2965 (E.D.N.Y. Jan. 28, 2002) .............................................8

*Yaba v. Roosevelt*,
     961 F. Supp. 611 (S.D.N.Y. 1997) .......................................................................6

As will be discussed in detail below, even assuming all of Plaintiff Steve Biegel's ("Plaintiff") allegations are true, neither his sexual harassment nor his retaliation allegations state viable causes of action. Moreover, Plaintiff's defamation claim clearly fails to meet the pleading requirements for such a claim. Therefore, Defendants Dentsu Holdings USA, Inc., Dentsu America Inc., Toyo Shigeta and Timothy Andree ("Defendants") hereby submit this reply memorandum in further support of their motion to dismiss the Amended Complaint (hereinafter, Defendants' "Motion") and respectfully request that the Court grant their Motion.

I.      **PLAINTIFF'S SEXUAL HARASSMENT CLAIM SHOULD BE DISMISSED.**

   A.      **The Continuing Violations Doctrine Does Not Apply To Revive Plaintiff's Time-Barred Allegations.**

In his Opposition to Defendants' Motion to Dismiss the Amended Complaint ("Opposition"), Plaintiff acknowledges that, to satisfy the continuing violations doctrine, "one event constituting the harassment [must have] occurred within the limitations period." (Opp., p. 20) (emphasis added). Plaintiff then goes on to state that several incidents fall within the limitations period and, therefore, save his otherwise untimely allegations. Specifically, Plaintiff alleges that the following incidents occurred within the limitations period: (1) Mr. Shigeta's purported threat to fire Plaintiff if he complained to human resources; (2) Mr. Shigeta's supposed "shunning" of Plaintiff; (3) Plaintiff's termination; and (4) the picture Mr. Shigeta allegedly took of Maria Sharapova. (Opp., p. 21). None of these incidents, however, can be used to support a continuing violations theory.

Nowhere in his Complaint does Plaintiff contend that Mr. Shigeta's purported threat and his alleged "shunning" were related to his gender or otherwise part of his sexual harassment case. Rather, in his Complaint, Plaintiff makes clear that this alleged conduct was the result of a complaint Plaintiff claims to have asserted. (Compl., ¶¶ 41-43). Thus, these alleged incidents relate to, and are asserted in support of, Plaintiff's retaliation claim and not his sexual harassment claim. Therefore, Plaintiff cannot use these non-gender based incidents to make his otherwise untimely sexual harassment allegations timely. See Paquin v. MBNA Mkt. Sys., Inc., 233 F. Supp. 2d 58, 63 (D. Me. 2002) ("Morgan does not stand for the proposition that any timely allegation can properly anchor

untimely allegations. Rather, pursuant to Morgan, a plaintiff's untimely allegations may be considered for the purposes of determining liability only if an act *contributing* to the hostile work environment occurs within the filing period."); Moll v. Telesector Res. Group, 04-CV-08055, 2005 U.S. Dist. LEXIS 43605, at *21-22 (W.D.N.Y. Sept. 29, 2005) (series of allegations that male employees were treated more favorably than plaintiff were "non-sexual in nature" and "even on the broadest reading of [the] complaint" did not contribute to her untimely sexual harassment claim).

Similarly, in his Complaint, Plaintiff claims that he was terminated because of his religion and in retaliation for purportedly complaining about sexual harassment. (Compl., ¶¶ 108-09; Declaration of Steve Biegel, ¶¶ 18-30). Therefore, his termination—which is unconnected to his gender or his sexual harassment claim—cannot be used to save his untimely harassment allegations. Indeed, in Nat'l R.R. Passenger Corp. v. Morgan, the Supreme Court expressly held that a termination is a discrete act that cannot be part of a hostile work environment claim. See Morgan, 536 U.S. 101, 114-15, 122 S.Ct. 2061, 2073 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice' . . . Hostile environment claims are different in kind from discrete acts."); see also Patterson v. County of Oneida, New York, 375 F.3d 206, 220 (2d Cir. 2004) (holding that the "mere fact an employee was dismissed within the statutory period cannot be used 'to pull in [a] time barred discriminatory act'"); Tiffany v. KDF Co., 3:04-cv-0677, 2005 U.S. Dist. LEXIS 26201, at *13 (N.D.N.Y. Oct. 24, 2005) (termination did not revive untimely sexual and pregnancy-related comments under a continuing violation theory, where termination occurred months later and was unrelated to hostile work environment allegations); Brierly v. Deer Park Union Free Sch. Dist., 359 F. Supp. 2d 275, 293 (E.D.N.Y. 2005) ("[D]iscrete acts constituting discrimination or retaliation claims must be kept conceptually distinct from hostile work environment claims."); Trezza v. The Dilenschneider Group, No. 99-civ-0185, 2000 U.S. Dist. LEXIS 16461, at *9, n.5 (S.D.N.Y. November 13, 2000) (concluding that the plaintiff's termination should not be considered when assessing the timeliness of Plaintiff's hostile work environment claims); Nurriddin v. Goldin, 382 F.

Supp. 2d 79, 108 (D.D.C. 2005) ("[T]he bulk of the 'hostile' events on which Plaintiff relies are the very employment actions he claims are discriminatory or retaliatory; he cannot so easily boot strap discrimination claims into a hostile work environment claim.").

Finally, the Sharapova photograph cannot, on its face, be viewed as an "event constituting the harassment." (Opp., p. 20). Indeed, a review of the photograph (which is attached to the Affidavit of Jill Barbarino as Exhibit A) clearly establishes that it is nothing more than a picture of Ms. Sharapova sitting on a chair during a tennis match, in which the underside of her skort can be seen. There is nothing sexual, untoward or inappropriate about the picture and, therefore, it cannot be used to anchor Plaintiff's otherwise untimely allegations. See Moll v. Telesector Res. Group, 04-CV-08055, 2005 U.S. Dist. LEXIS 43605, at *21-22 (W.D.N.Y. Sep. 29, 2005) (series of allegations that male employees were treated more favorably than plaintiff were "non-sexual in nature" and "even on the broadest reading of [the] complaint" did not contribute to her untimely sexual harassment claim); Paquin, 233 F. Supp.2d at 63 (the court held that a series of timely events could not anchor plaintiff's untimely allegations because none of the timely acts were incidents of sexual harassment). Thus, as none of the timely acts can be considered part of Plaintiff's hostile work environment claim, all of his untimely allegations should be dismissed.

**B.    Plaintiff's Same-Sex Sexual Harassment Claim Is Not "Because Of His Gender."**

To state a claim for sexual harassment, a plaintiff must establish that he was subjected to the complained of conduct *because of his gender*. See Oncale v. Sundowner Offshore Serv., Inc., 523 U.S. 75, 81, 118 S.Ct. 998, 1002 (1998) (in a same sex harassment case, a Plaintiff "must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted "discrimination... because of ... sex"). To establish such a claim in same-sex harassment cases is more difficult than in the traditional male-female context. See Borski v. Staten Island Rapid Transit, 04-Civ-3614, 2006 U.S. Dist. LEXIS 89242, at *8-9 (E.D.N.Y. Dec. 11, 2006); Ciccotto v. LCOR, No. 99-11646, 2001 U.S. Dist. LEXIS 1125, at *14 (S.D.N.Y. Jan. 31, 2001). Indeed, in the same-sex context, inferences about the harasser's motivation that might otherwise be available in the opposite sex harassment context are simply not applicable. See Borski, 2006 U.S. Dist. LEXIS

89242, at *8-9 ("To show sex discrimination has occurred, a plaintiff alleging male-female harassment may take advantage of certain inferences which are not available in the same-sex context."). For this reason, the courts routinely dismiss same-sex harassment cases, including on a motion to dismiss. See id. at *12-13 (dismissed on a 12(b)(6) motion); Simonton v. Ronyon, 232 F.3d. 33 (2d Cir. 2000) (dismissed on a 12(b)(6) motion); Raum v. Laidlaw, No. 98-9091, 199 U.S. App. LEXIS 8219, at *4 (2d Cir. 1999) (dismissed on a 12(b)(6) motion).

In Oncale, the Supreme Court set forth three ways in which a plaintiff can establish a same-sex harassment case. Specifically, a plaintiff can state such a claim by providing evidence that: (1) the harasser is homosexual and that the harassment was motivated by sexual desire; (2) the harasser was motivated by a general hostility to employees of the plaintiff's sex; or (3) the harasser treated employees of both sexes differently. See Oncale, 523 U.S. at 81; Borski, 2006 U.S. Dist. LEXIS 89242, at *9-10. As will be explained below, even assuming that all of the allegations contained in the Complaint are true, which Defendants do for purposes of this motion only, Plaintiff cannot establish that any of the alleged conduct occurred because of his sex.

First, Plaintiff does not (and cannot) allege that Mr. Shigeta is homosexual or that any of the purportedly harassing conduct was motivated by a sexual desire for him. To the contrary, Plaintiff's allegations make clear that Mr. Shigeta has a heterosexual orientation. Second, Plaintiff does not allege that Mr. Shigeta held any general hostility towards male employees or that any of the alleged conduct was motivated by such a gender-based hostility. Finally, Plaintiff has not alleged that he was treated differently than members of the opposite sex. Indeed, Plaintiff's Complaint and Opposition are entirely silent with respect to the treatment of men versus women. See Simonton, 232 F.3d at 37 (the court granted the defendant's 12(b)(6) motion because the Plaintiff did not allege "direct comparative evidence about how the alleged harasser treated members of both sexes" and did "not allege a basis for inferring gender-based animus"); Raum, 1999 U.S. App. LEXIS 8219, at *4.

Thus, even if all of Plaintiff's harassment allegations were true, he could not establish that the complained of actions occurred because of his sex—a fact which Plaintiff does not deny (or even address) in his Opposition. Accordingly, Plaintiff's sexual harassment case should be dismissed

**C.    The Alleged Incidents Of Harassment Are Not Severe Or Pervasive.**

It is well-settled that in order to prevail on a hostile work environment sexual harassment claim, a plaintiff must prove that the harassment was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2d Cir. 1997) (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 370 (1993)). In the instant case, Plaintiff's allegations are neither severe nor pervasive and thus, his claim should be dismissed.

To be deemed pervasive, the alleged harassment must be "more than episodic; [it] must be sufficiently continuous and concerted." Perry, 115 F.3d at 149; Carrero v. New York City Hous. Auth., 890 F.2d 569, 577 (2d Cir. 1989) (same). During the course of Plaintiff's 3.5 years of employment with DAI, he claims to have been subjected to a few incidents of alleged harassment. Such a limited number of purported incidents, particularly when spread out over the course of his 3.5 years with DAI, is simply insufficient to meet the "pervasive" prong of the analysis. See Stepheny v. Brooklyn Hebrew Sch. for Special Children, 356 F.Supp.2d 248, 264 (E.D.N.Y. 2005) (finding five racially offensive comments of the term "white bitch," over the course of five months insufficient as a matter of law to establish hostile environment claim); Pagan v. New York State Div. of Parole, No. 98 Civ. 5840, 2003 WL 22723013, at *6 (S.D.N.Y. Nov. 18, 2003) (finding four instances of racially derogatory remarks by supervisor in the span of several months did not amount to a hostile work environment); Stembridge v. City of New York, 88 F.Supp.2d 276, 286 (S.D.N.Y. 2000) (seven incidents over three years, including two instances of racial epithets uttered by supervisors toward plaintiff including calling plaintiff an "uppity nigger," do not establish a hostile work environment); Carter v. Cornell Univ., 976 F.Supp. 224, 232 (S.D.N.Y.1997) (six race-related disparaging comments over three years do not create a hostile work environment); Williams v. Port Auth. of N.Y. & N.J., 880 F.Supp. 980, 991-92 (S.D.N.Y. 1995) (five racial slurs uttered by supervisors in plaintiff's presence over the course of two years did not establish a hostile work environment).

As the alleged conduct was not pervasive, Plaintiff can only state a claim if he can establish that such conduct was sufficiently severe. Plaintiff correctly asserts that isolated incidents can meet

this standard. However, in order to do so, the incident must be "extraordinarily severe." Mormol v. Costco Wholesale Corp., 364 F.3d 54, 59 (2d Cir. 2004) (quotations omitted). Courts generally only find this level of severity in situations that amount to a sexual assault or some other physically threatening conduct. See e.g., Tomka v. The Seiler Corp., 66 F.3d 1295 (2d Cir. 1995) (allegation of one incident of sexual assault/rape was sufficiently severe); Yaba v. Roosevelt, 961 F. Supp. 611 (S.D.N.Y. 1997) (involving a serious incident of sexual assault). On the other hand, courts have routinely dismissed cases involving three or four incidents of harassment, where the incidents alleged were not sufficiently severe. See Mormol, 364 F. 3d at 58-59 (multiple requests by a supervisor for sex in exchange for work benefits not sufficiently severe); Osorio v. Source Enter., No. 05 Civ. 10029(JSR), 2006 WL 2548425, at *5 (S.D.N.Y. Sept. 5, 2006) (observation of lewd photographs in office, offensive computer screen saver, incident where plaintiff observed male employees watching pornography, and three offensive comments, was insufficient); Baily v. Synthes, 295 F.Supp.2d 344, 358 (S.D.N.Y. 2003) (display of images of male genitalia, sexually suggestive dancing with coworker and recounting of sexual experience with a nurse, neither severe nor pervasive since incidents were infrequent, isolated, and not physically threatening).

In the present case, Plaintiff alleges the following instances of alleged harassment: (1) the Brazil photographs; (2) the brothel; (3) the bathhouse; (4) the comment concerning the "Japanese style of conducting business;" and (5) the Sharapova photograph. Other than the Sharapova photograph, all of these alleged instances occurred outside of the limitations period and, as discussed above, cannot be saved by the continuing violations doctrine. As the Sharapova incident was clearly neither severe nor pervasive, and is not even sexual in nature, Plaintiff cannot state a sexual harassment claim. Moreover, should the Court conclude that Plaintiff has stated a viable continuing violation claim, the totality of the allegations, none of which involve a sexual assault or sexually threatening/intimidating conduct, are neither severe nor pervasive. Thus, Plaintiff's sexual harassment claim should be dismissed.

**D.    The Conduct Plaintiff Alleges Did Not Interfere With His Employment.**

Finally, the alleged harassing conduct did not unreasonably interfere with Plaintiff's ability to

perform his job. See Mormol v. Costco Wholesale Corp., 364 F.3d 54, 58-59 (2d Cir. 2004)

(plaintiff's allegations were not sufficiently severe or pervasive, in part because plaintiff did not

claim that the alleged acts interfered with her ability to do her job); Rizzo-Puccio v. College

Auxiliary Serv., Inc., 71 F. Supp.2d 47, 56-57 (N.D.N.Y. 1999) (no evidence indicating the conduct

plaintiff alleged interfered with plaintiff's work performance). To the contrary, according to his

Complaint, Plaintiff remained employed for: (1) over 2 years after the alleged incidents with the

brothel and the bathhouse; and (2) 1.5 years after the Sharapova photograph, the last incident of

purported sexual harassment. Moreover, according to Plaintiff, he performed his job responsibilities

extremely well over this entire period of time. (Compl., ¶ 17). Thus, Plaintiff's own allegations

make clear that any conduct he claims to have been subjected to did not affect his ability to perform

his job.[1]  Therefore, Plaintiff has not stated a claim for sexual harassment and that cause of action

should be dismissed.

**II.    PLAINTIFF'S RETALIATION CLAIM SHOULD BE DISMISSED.**

**A.    Plaintiff Did Not Engage In Protected Activity, Nor Did He Make Defendants Aware Of The Protected Activity.**

To engage in protected activity, an employee must do more than raise general workplace

complaints. See Matlosz v. J.P. Morgan Chase, 03 Civ. 6235 (JGK), 2005 U.S. Dist. LEXIS 20157,

at *23 (S.D.N.Y. Sept. 3, 2005) (complaint of harassment generally and not based on a protected

characteristic is not protected activity). While an employee need not expressly use any specific

words, such as discrimination or harassment, he must say enough to put the employer on notice that

he believes his protected classification is an issue. See Ramos v. City of New York, 96 CIV. 3787

(DLC), 1997 U.S. Dist. LEXIS 10538, at *7 (S.D.N.Y. July 12, 1997) ("While there are no magic

---

[1]    Significantly, other than one conclusory legal statement contained in Paragraph 62 of his Complaint, Plaintiff has pled no facts to suggest that the alleged harassment interfered with his job nor does he provide any such facts in his Opposition. Plaintiff's conclusory allegation is insufficient to avoid the dismissal of his claim. See Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007).

words that must be used when complaining about a supervisor, in order to be protected activity . . . the unfair treatment must be due to one's membership in a protected class and the complaint must make that point sufficiently clear"); <u>Woodcock v. Montefiore Med. Ctr.</u>, 98-CV-4420, 2002 U.S. Dist. LEXIS 2965 (E.D.N.Y. Jan. 28, 2002); <u>Sitar v. Indiana Dep't of Transp.</u>, 344 F.3d 720, 727 (7th Cir. 2003) ("Although an employee need not use the magic words 'sex' or 'gender discrimination' to bring her speech within [statutory] retaliation protections, 'she has to at least say something to indicate her [gender] is an issue.'") (quotations omitted).

In the present case, Plaintiff claims that, upon learning that a co-worker was going on a business trip with Mr. Shigeta to Japan, he urged Mr. Shigeta not to take the coworker to the bath house because he was "humiliated" by the experience. (Compl., ¶ 40). Plaintiff does not claim to have informed Mr. Shigeta of his belief that he was being harassed, or to have provided any information to suggest that he was being treated differently because of his gender. Thus, any statement by Plaintiff about his supposed "humiliation," assuming such a statement was made, did nothing to put Mr. Shigeta on notice of Plaintiff's alleged belief that he was being discriminated against or harassed based on his gender.[2] Therefore, Plaintiff's statement to Mr. Shigeta, assuming it occurred, does not rise to the level of protected activity and his retaliation claim should be dismissed.[3]

**B.    Plaintiff Cannot Show Any Causal Connection Between His Alleged Conversation with Mr. Shigeta And His Termination.**

In his Opposition, Plaintiff claims that there is direct evidence of retaliation and, therefore, temporal proximity is not definitive. (Opp., p. 16). In making this argument, however, Plaintiff miscites his own allegations. In his Complaint, Plaintiff alleges that he told Mr. Shigeta "he <u>had almost</u> complained to human resources about the [bathhouse] incident and that, in response, Mr.

---

[2]    While such an inference might reasonably be made in the male-female harassment context, such an inference is not reasonable here. <u>See</u> Borski, 2006 U.S. Dist. LEXIS 89242, at *8-9. Plaintiff could have found the experience (which is a Japanese tradition) uncomfortable or even humiliating, but that certainly does not implicate his gender.

[3]    Similarly, any purported complaint to Mr. Rosen that the bathhouse made him "uncomfortable" is insufficient to be deemed protected activity.

Shigeta indicated that had Plaintiff done so he would have been fired." (Compl., ¶¶ 40-41) (emphasis added). Thus, Plaintiff has not alleged that Mr. Shigeta threatened to fire him for raising the bathhouse issue with Mr. Shigeta—which is the only action Plaintiff took—and there is no allegation of a direct threat.

Absent such direct evidence of retaliation, temporal proximity is significant and too attenuated in this case. Plaintiff alleges that he had the conversation with Mr. Shigeta in or around May or June of 2006. (Compl., ¶¶ 39, 47). In an effort to establish a temporal connection, Plaintiff claims that, while the termination occurred in November 2006, the decision was made in the summer of 2006. (Opp., p. 17). Even taking Plaintiff's allegations as true, and assuming the decision was made in the summer of 2006, there is still a significant gap in time between Plaintiff's alleged conversation with Mr. Shigeta and his termination. The courts have routinely held that such gaps were sufficient to defeat a causal connection. See Ponticelli v. Zurich Am. Ins. Group, 16 F. Supp. 2d 414, 436 (S.D.N.Y. 1998) (finding that time lapse of two and half months "is hardly the close proximity of time contemplated . . . to establish the 'causal connection' element of retaliation claim."); Hollander v. Am. Cyanamid Co., 895 F.2d 80 (2d Cir. 1990) (gap of three months is too long to suggest a causal connection between the complaint and the adverse action).

III.    PLAINTIFF'S DEFAMATION CLAIM FAILS TO MEET THE HEIGHTENED PLEADING STANDARD FOR DEFAMATION.

Plaintiff alleges that defendants "have publicly accused him of fraud and have also publicly attacked [his] professional competence" and "have made other false, defamatory statements regarding plaintiff." (Compl., ¶¶ 99, 101). Critically, however, Plaintiff does not allege what statements were actually made, who allegedly made the statements, or the time and place of the purported defamation. Moreover, Plaintiff's Opposition does not even attempt to refute this point, but states that Plaintiff's claims are "no mystery" to Defendants. (Opp., p. 24). Whether or not Plaintiff's claims are a "mystery" to Defendants is obviously not the test, and Plaintiff's total failure to properly plead this claim warrants its dismissal. "Where a complaint alleges claims of defamation without any indication as to what statements were made, when they were made, or to whom they

were made . . . the claims warrant dismissal under [Federal] Rules 12(b)(6) and 8(a)(2)." <u>United States v. New York Presbyterian Hosp.</u>, 06 Civ. 4056 (NRB), 2007 U.S. Dist. LEXIS 53826, at *52 (S.D.N.Y. July 24, 2007); <u>Mills v. Miteq, Inc.</u>, No. CV 06-752(SJF)(AKT), 2007 WL 2908218, at *4 (E.D.N.Y. Sept. 14, 2007) (plaintiff's failure to allege the exact language complained of and failure to specify to whom the defamatory statements were repeated or disseminated, warranted dismissal of defamation claim).

## IV.     <u>CONCLUSION</u>

As Plaintiff has failed, as a matter of law, to state a claim for sexual harassment or retaliation, Defendants respectfully request that the Court grant its Motion to Dismiss.

Dated: December 14, 2007                Respectfully Submitted,
       New York, New York

                                        MORGAN, LEWIS & BOCKIUS LLP


                                        s/ Jill Barbarino
                                        Amber Kagan (AK-7973)
                                        Jill Barbarino (JB-6385)

                                        Daniel S. Moretti (DM-6630)
                                        LANDMAN CORSI BALLAINE & FORD P.C.

                                        Attorneys for Defendants Dentsu Holdings USA, Inc., Dentsu America, Inc., Toyo Shigeta and Timothy Andree

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, a true and correct copy of the foregoing

*Reply Memorandum in Further Support of Defendants' Motion to Dismiss the Amended*

*Complaint*, and *Affidavit of Jill Barbarino*, was served on the following *via* electronic filing and via

Federal Express:

> Andrew Dwyer
> The Dwyer Law Firm, L.L.C.
> 17 Academy Street, Suite 1010
> Newark, New Jersey 07102
>
> *Attorneys for Plaintiff*

s/ Jill Barbarino_____<br>
Jill Barbarino

1-NY/2256468.5