UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1581
(212) 805 6325

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/08

CHAMBERS OF
COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

7 January 2008

TO ALL COUNSEL IN:   Biegel v. Dentsu Holdings USA, Inc.
                     07 Civ. 9653

FROM:                Judge McMahon

RE:                  Pending Motion

---

The defendants' Rule 12(b)(6) motion seeking dismissal of all claims on grounds other than Faragher-Ellereth is going to be denied. Viewing the allegations of the complaint most favorably to the plaintiff (even in light of recent Supreme Court decisions), and ignoring all the extraneous materials and all arguments and parentheticals based on contrary versions of the facts (which defendants have inserted liberally and improperly into their moving papers[1]), it seems quite clear that the plaintiff is entitled to proceed with this case – unless there is a viable Faragher-Ellereth defense that can be asserted to his claims of harassment, whether based on gender or race (not religion).

I am converting ONLY that portion of defendants' motion to dismiss that addresses Faragher-Ellereth as a defense to the claims of harassment into a motion for summary judgment. Plaintiff has ten days from today's date to respond ONLY to that aspect of the motion, and to present admissible evidence about when and to whom he complained about the various incidents that allegedly constituted harassment. Plaintiff has five days after that to submit a Reply – which, I trust, will be shorn of unnecessary and confusing commentary.

There is no legal basis to dismiss a retaliation claim under Faragher-Ellereth. There is no basis to dismiss that claim on a rule 12(b)(6) motion, either. The complaint alleges that there was only one month between the time plaintiff engaged in protected activity (asking Shigeta not to take another individual to a bathhouse) and the time the decision was made to replace him. This may or may not be true, but I am in no position to dismiss the retaliation claim at this juncture. We will see what discovery demonstrates about who was involved in the decision to fire plaintiff

---

[1] These arguments and comments make defendants' brief very difficult to read.

and when that decision was made.

There is no need for any oral argument on what remains of the motion.

No extensions of time will be granted for any reason.

                                                                        U.S.D.J.