**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000
Amber Kagan (AK-7973)
Jill Barbarino (JB-6385)

**LANDMAN CORSI BALLAINE & FORD P.C.**
120 Broadway, 27th Floor
New York, New York 10271
(212) 468-4800
Daniel S. Moretti (DM-6630)

Attorneys for Defendants Dentsu Holdings USA, Inc.,
Dentsu America, Inc., Toyo Shigeta and Timothy Andree

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

STEVE BIEGEL,

              Plaintiff,

  -against-    **07 Civ. 9653 (CM) (THK)**

DENTSU HOLDINGS USA, INC.,
DENTSU AMERICA, INC., TOYO
SHIGETA and TIMOTHY ANDREE,

              Defendants.

------------------------------------ x

## DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

      Defendants DENTSU HOLDINGS USA, INC. ("Dentsu Holdings"), DENTSU AMERICA, INC. ("DAI"), TOYO SHIGETA ("Shigeta") and TIMOTHY ANDREE ("Andree") (collectively referred to herein as "Defendants"), by their attorneys, hereby answer Plaintiff STEVE BIEGEL's Amended Complaint herein as follows:

1-NY/2272289.1

**I.     AS TO THE PRELIMINARY STATEMENT**

1.     Defendants admit that this action purports to be brought to remedy claims of unlawful discrimination and retaliation and that the Amended Complaint alleges claims of retaliation and defamation based on purportedly retaliatory actions Defendants allegedly undertook in response to Plaintiff's alleged assertion of claims, but deny any and all allegations of discrimination, harassment, retaliation, defamation, and other actionable conduct, and further deny that Plaintiff is entitled to any of the remedies that he seeks in this action.

**II.    AS TO JURISDICTION AND VENUE**

2.     Defendants admit that if this was an appropriate case, this Court would have subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and admit further that it would have supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367; except as so admitted, deny the allegations contained in paragraph "2" of the Complaint and refer all matters of law to the Court.

3.     Defendants admit that if this was an appropriate case, venue would be proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391, because some of the alleged conduct about which Plaintiff complains purportedly occurred within this District and because Defendants Dentsu Holdings and DAI are headquartered within this District; except as so admitted, deny the allegations contained in paragraph "3" of the Complaint and refer all matters of law to the Court.

**III.   AS TO THE PARTIES**

4.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint.

5. Defendants deny the allegations contained in paragraph "5" of the Amended Complaint, except admit that Dentsu Holdings is a business corporation organized pursuant to the laws of the State of New York and that its principal place of business is located at 32 Avenue of the Americas, 16th Floor, New York, New York.

6. Defendants admit the allegations contained in paragraph "6" of the Amended Complaint.

7. Defendants admit that in the Amended Complaint Dentsu Holdings and Dentsu America are sometimes referred collectively as "Dentsu."

8. Defendants deny the allegations contained in paragraph "8" of the Amended Complaint, except admit that Mr. Shigeta resides at 217 Orchard Place, Ridgewood, New Jersey and that he is sued in both his individual and representative capacity.

9. Defendants admit the allegations contained in paragraph "9" of the Amended Complaint.

### III.    AS TO THE FACTUAL ALLEGATIONS

10. Defendants deny the allegations contained in paragraph "10" of the Amended Complaint, except admit that Dentsu America, Inc., is a wholly owned subsidiary of Dentsu Holdings, and that Dentsu Holdings is a wholly owned subsidiary of Dentsu, Inc., an advertising company with its principal headquarters in Japan.

11. Defendants admit the allegations contained in paragraph "11" of the Amended Complaint.

12. Defendants deny the allegations contained in paragraph "12" of the Amended Complaint, except admit that at the time of his termination, which was on or about November 17, 2006, plaintiff's title was Senior Vice President, Group Creative Director.

13. Defendants deny the allegations contained in paragraph "13" of the Amended Complaint, except admit that Plaintiff was a Creative Director of DAI and reported to Ronald J. Rosen, the former Executive Creative Director of DAI.

14. Defendants deny the allegations contained in paragraph "14" of the Amended Complaint, except admit that at various times Mr. Rosen reported directly to Mr. Shigeta.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Amended Complaint.

16. Defendants deny the allegations contained in paragraph "16" of the Amended Complaint, except admit that Plaintiff, among others, was responsible for developing various advertisements for a number of DAI's clients and at various times, Plaintiff worked with Mr. Shigeta.

17. Defendants deny the allegations contained in paragraph "17" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the amount of revenue generated by "Plaintiff's advertisements," but admit that plaintiff worked with others on advertisements that later won EFFIE awards.

18. Defendants deny the allegations contained in paragraph "18" of the Amended Complaint, except admit that Plaintiff traveled to Prague to shoot scenes for a commercial for Canon, which was one of DAI's largest clients.

19. Defendants admit the allegations contained in paragraph "19" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to whether "other members of Dentsu management" were aware that Mr. Weitz was Jewish.

20. Defendants admit the allegations contained in paragraph "20" of the Amended Complaint.

21. Defendants deny the allegations contained in paragraph "21" of the Amended Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Amended Complaint, except admit that while in Prague in July 2004, Plaintiff, Mr. Shigeta and Mr. Weitz visited an establishment called Escade, which apparently currently maintains a website, portions of which purportedly are attached to Plaintiff's original Complaint filed in this action. Defendants deny that Mr. Shigeta selected Escade.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Amended Complaint, except state that, upon information and belief, Escade apparently currently maintains a website, which speaks for itself.

24. Defendants deny the allegations contained in paragraph "24" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to whether Plaintiff is married.

25. Defendants deny the allegations contained in paragraph "25" of the Amended Complaint, except admit that Mr. Shigeta was at all relevant times married.

26. Defendants deny the allegations contained in paragraph "26" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Scott Weitz is married.

27. Defendants deny the allegations contained in paragraph "27" of the Amended Complaint, except admit that Mr. Shigeta was the president of DCA Advertising, Inc. and that Plaintiff's supervisor, Ronald Rosen, reported to Mr. Shigeta.

28. Defendants deny the allegations contained in paragraph "28" of the Amended Complaint.

29. Defendants deny the allegations contained in paragraph "29" of the Amended Complaint, but deny knowledge or information sufficient to form a belief as to what Plaintiff does or does not know.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Amended Complaint, except deny that Mr. Shigeta paired Plaintiff with a prostitute or told Plaintiff to go to a room to have sex.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph "31" of the Amended Complaint, except deny that Mr. Shigeta had sex with a prostitute.

32. Defendants deny the allegations contained in paragraph "32" of the Amended Complaint.

33. Defendants deny the allegations contained in paragraph "33" of the Amended Complaint.

34. Defendants deny the allegations contained in paragraph "34" of the Amended Complaint, except admit that in or around April 2004, Plaintiff, Mr. Shigeta, and others traveled to Brazil on business.

35. Defendants deny the allegations contained in paragraph "35" of the Amended Complaint, except admit that in or about April 2005, Plaintiff, Mr. Shigeta, and others attended a photo shoot in Key Biscayne, Florida where Maria Sharapova was filmed and photographed on a tennis court, and that Mr. Shigeta and others had brought their own cameras. Defendants further deny knowledge or information sufficient to form a belief as to plaintiff's knowledge of Ms.

Sharapova's age and as to what Ms. Sharapova's makeup artist and others did or did not see at the time any photographs were taken.

36. Defendants admit the allegations contained in paragraph "36" of the Amended Complaint, except deny that Plaintiff was subjected to sexual humiliation and that Douglas Fidoten was a Dentsu account executive.

37. Defendants deny the allegations contained in paragraph "37" of the Amended Complaint.

38. Defendants deny the allegations contained in paragraph "38" of the Amended Complaint, except admit that while in Tokyo, Mr. Shigeta took Plaintiff and others to Oedo Onsen Monogatari, a Japanese hot springs theme park, where they went into the hot tubs and attended dinner.

39. Defendants deny the allegations contained paragraph "39" of the Amended Complaint, except admit that Neal Gomberg is Jewish and deny knowledge or information sufficient to form a belief as to what plaintiff learned about Neal Gomberg.

40. Defendants deny the allegations contained in paragraph "40" of the Amended Complaint.

41. Defendants deny the allegations contained in paragraph "41" of the Amended Complaint.

42. Defendants deny the allegations contained in paragraph "42" of the Amended Complaint.

43. Defendants deny the allegations contained in paragraph "43" of the Amended Complaint.

44. Defendants deny the allegations contained in paragraph "44" of the Amended Complaint, except admit that Mr. Andree was hired as Chief Executive Officer of DAI and, in that capacity, reported to Mr. Shigeta.

45. Defendants deny the allegations contained in paragraph "45" of the Amended Complaint.

46. Defendants deny the allegations contained in paragraph "46" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Mr. Rosen did not believe Plaintiff deserved to be terminated and did not proceed expeditiously to find a Creative Director. Defendants admit that Mr. Rosen arranged to have at least one candidate interviewed.

47. Defendants deny the allegations contained in paragraph "47" of the Amended Complaint, except admit that on November 17, 2006 Plaintiff and Rosen were terminated from employment with DAI.

48. Defendants admit the allegations contained in paragraph "48" of the Amended Complaint.

49. Defendants deny the allegations contained in paragraph "49" of the Amended Complaint.

50. Defendants deny the allegations contained in paragraph "50" of the Amended Complaint.

51. Defendants deny the allegations contained in paragraph "51" of the Amended Complaint.

52. Defendants deny the allegations contained in paragraph "52" of the Amended Complaint.

53. Defendants deny the allegations contained in paragraph "53" of the Amended Complaint.

54. Defendants deny the allegations contained in paragraph "54" of the Amended Complaint.

55. Defendants deny the allegations contained in paragraph "55" of the Amended Complaint.

56. Defendants deny the allegations contained in paragraph "56" of the Amended Complaint.

57. Defendants deny the allegations contained in paragraph "57" of the Amended Complaint.

58. Defendants deny the allegations contained in paragraph "58" of the Amended Complaint.

59. Defendants deny the allegations contained in paragraph "59" of the Amended Complaint.

60. Defendants deny the allegations contained in paragraph "60" of the Amended Complaint.

61. Defendants deny the allegations contained in paragraph "61" of the Amended Complaint.

62. Defendants deny the allegations contained in paragraph "62" of the Amended Complaint.

63. Defendants deny the allegations contained in paragraph "63" of the Amended Complaint.

64. Defendants deny the allegations contained in paragraph "64" of the Amended Complaint.

65. Defendants deny the allegations contained in paragraph "65" of the Amended Complaint.

66. Defendants deny the allegations contained in paragraph "66" of the Amended Complaint.

67. Defendants deny the allegations contained in paragraph "67" of the Amended Complaint.

68. Defendants deny the allegations contained in paragraph "68" of the Amended Complaint.

69. Defendants deny the allegations contained in paragraph "69" of the Amended Complaint.

70. Defendants deny the allegations contained in paragraph "70" of the Amended Complaint.

71. Defendants deny the allegations contained in paragraph "71" of the Amended Complaint.

72. Defendants deny the allegations contained in paragraph "72" of the Amended Complaint.

73. Defendants deny the allegations contained in paragraph "73" of the Amended Complaint.

74. Defendants deny the truth of the allegations contained in paragraph "74" of the Amended Complaint except admit that Mr. Shigeta, when he was President of DCA Advertising,

Inc., and Mr. Andree, when he was CEO of Dentsu America, had control over the terms and conditions of plaintiff's employment.

75. Defendants deny the allegations contained in paragraph "75" of the Amended Complaint.

76. Defendants deny the allegations contained in paragraph "76" of the Amended Complaint.

77. Defendants deny the allegations contained in paragraph "77" of the Amended Complaint.

78. Defendants deny the allegations contained in paragraph "78" of the Amended Complaint.

79. Defendants deny the allegations contained in paragraph "79" of the Amended Complaint.

80. Defendants deny the allegations contained in paragraph "80" of the Amended Complaint.

81. Defendants deny the allegations contained in paragraph "81" of the Amended Complaint.

82. Defendants deny the allegations contained in paragraph "82" of the Amended Complaint.

83. Defendants deny the allegations contained in paragraph "83" of the Amended Complaint.

84. Defendants deny the allegations contained in paragraph "84" of the Amended Complaint.

85. Defendants deny the allegations contained in paragraph "85" of the Amended Complaint.

86. Defendants deny the allegations contained in paragraph "86" of the Amended Complaint.

87. Defendants deny the allegations contained in paragraph "87" of the Amended Complaint.

88. Defendants deny the allegations contained in paragraph "88" of the Amended Complaint.

89. Defendants deny the allegations contained in paragraph "89" of the Amended Complaint.

90. Defendants deny the allegations contained in paragraph "90" of the Amended Complaint.

91. Defendants deny the allegations contained in paragraph "91" of the Amended Complaint.

92. Defendants deny the allegations contained in paragraph "92" of the Amended Complaint.

93. Defendants deny the allegations contained in paragraph "93" of the Amended Complaint.

94. Defendants admit the allegations contained in paragraph "94" of the Amended Complaint.

95. Defendants admit the allegations contained in paragraph "95" of the Amended Complaint.

96. Defendants admit the allegations contained in paragraph "96" of the Amended Complaint.

97. Defendants deny the allegations contained in paragraph "97" of the Amended Complaint, and refer all questions of law to the Court.

98. Defendants deny the allegations contained in paragraph "98" of the Amended Complaint.

99. Defendants deny the allegations contained in paragraph "99" of the Amended Complaint.

100. Defendants deny the allegations contained in paragraph "100" of the Amended Complaint.

101. Defendants deny the allegations contained in paragraph "101" of the Amended Complaint.

102. Defendants deny the allegations contained in paragraph "102" of the Amended Complaint.

103. Defendants deny the allegations contained in paragraph "103" of the Amended Complaint.

104. Defendants deny the allegations contained in paragraph "104" of the Amended Complaint.

105. Defendants deny the allegations contained in paragraph "105" of the Amended Complaint.

106. The allegation contained in paragraph "106" of the Amended Complaint sets forth a legal conclusion, and Defendants refer all questions of law to the Court. To the extent a

response is required, Defendants deny the allegations contained in paragraph "106" of the Amended Complaint.

107. Defendants deny the allegations contained in paragraph "107" of the Amended Complaint.

108. Defendants deny the allegations contained in paragraph "108" of the Amended Complaint.

109. Defendants deny the allegations contained in paragraph "109" of the Amended Complaint.

110. Defendants deny the allegations contained in paragraph "110" of the Amended Complaint.

111. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "111" of the Amended Complaint, and refer all questions of law to the Court.

112. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "112" of the Amended Complaint, and refer all questions of law to the Court.

113. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "113" of the Amended Complaint, except admit that Defendants have been served with a copy of Plaintiff's Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission.

### AS TO THE FIRST CAUSE OF ACTION

114. Defendants deny the allegations contained in paragraph "114" of the Amended Complaint.

### AS TO THE SECOND CAUSE OF ACTION

115.  Defendants deny the allegations contained in paragraph "115" of the Amended Complaint.

### AS TO THE THIRD CAUSE OF ACTION

116.  Defendants deny the allegations contained in paragraph "116" of the Amended Complaint.

### AS TO THE FOURTH CAUSE OF ACTION

117.  Defendants deny the allegations contained in paragraph "117" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

118.  Plaintiff's claims must be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

119.  Plaintiff's claims must be dismissed, in whole or in part, by the applicable statute(s) of limitation or other time limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

120.  To the extent that the claims alleged in the Amended Complaint fail to comply with procedural or administrative conditions precedent to filing a civil action as imposed by the relevant federal and New York state statutes, they should be dismissed in whole or in part.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

121.  Plaintiff's action against Defendants is barred to the extent that the claims raised in Plaintiff's Amended Complaint are beyond the scope of those raised in the administrative proceeding(s).

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

122. Defendants deny that plaintiff is entitled to any recovery, including, without limitation, to damages sought in the prayer for relief.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

123. Dentsu Holdings was not Plaintiff's "employer" within the meaning of the New York State or City Human Rights Law and, thus, it cannot be held liable based on such status.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

124. Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any purported wrongful conduct and/or Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendants or to otherwise avoid the alleged harm.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

125. All actions taken by Defendants were for reasons solely relating to the legitimate, non-discriminatory corporate interests of Defendants.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

126. Even if any unlawful conduct occurred with regard to Plaintiff, which Defendants deny, that conduct was not the result of purposeful, knowing, oppressive, or malicious conduct by Defendants.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

127. Any damages allegedly suffered by Plaintiff, which Defendants deny, were caused solely by his own culpable conduct and not by any alleged culpable conduct of Defendants or anyone acting under their direction or control.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

128.   Plaintiff has failed to state a claim against the individual Defendants.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

129.   Plaintiff has failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Amended Complaint.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

130.   Plaintiff cannot recover punitive damages under the New York State Human Rights Law.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

131.   Plaintiff cannot recover punitive damages because, at all relevant times, Defendants made a good-faith effort to comply with all applicable discrimination statutes.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

132.   Plaintiff's defamation claim must be dismissed because Plaintiff has failed to plead such a claim with specificity.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

133.   Plaintiff's defamation claim must be dismissed because Defendants did not act with malice.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

134.   Plaintiff's defamation claim must be dismissed because truth is a complete defense and bars any such claim.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

135.   Plaintiff's defamation claim must be dismissed because any alleged statement was protected under the fair comment privilege.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

136. Defendants reserve all rights to add additional defenses which may be ascertained in the course of this litigation.

**WHEREFORE**, Defendants demand judgment dismissing the Amended Complaint herein, together with their costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated: New York, New York
January 25, 2008

    Respectfully submitted,

    MORGAN, LEWIS & BOCKIUS LLP
    Attorneys for Defendants Dentsu Holdings USA, Inc., Dentsu America, Inc., Toyo Shigeta and Timothy Andree

    ____s/ Jill Barbarino_____
    Amber L. Kagan (AK-7973)
    Jill Barbarino (JB-6385)
    101 Park Avenue
    New York, New York 10178
    (212) 309-6000

    Daniel S. Moretti (DM-6630)
    Landman Corsi Ballaine & Ford P.C.
    120 Broadway, 27th Floor
    New York, New York 10271
    (212) 238-4800

TO: Andrew Dwyer, Esq.
      The Dwyer Law Firm
      17 Academy Street, Suite 1010
      Newark, New Jersey 07102