UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE DWYER LAW FIRM, L.L.C.
17 Academy Street, Suite 1010
Newark, New Jersey 07102
(973) 242-3636
Andrew Dwyer (AD-7793)
Attorneys for Plaintiff

---

|  |  |
|---|---|
| STEVE BIEGEL, | Hon. Colleen McMahon, U.S.D.J. |
| Plaintiff, | Civil Action No. 07-9653 (CM) (THK) |
| v. |  |
| DENTSU HOLDINGS USA, INC., DENTSU AMERICA, INC., TOYO SHIGETA and TIMOTHY ANDREE, |  |
| Defendants. |  |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/08

---

## CONSENT PROTECTIVE ORDER

This matter having been opened to the Court by the parties, and the

Court having found that the parties to this litigation have been or may be

requested in the course of discovery or other proceedings to produce or

disclose documents, materials or information that they consider

CONFIDENTIAL, and for good cause appearing;

IT IS on this 6ᵗʰ day of _March_, 2008 ORDERED that

1.     No information or documents designated CONFIDENTIAL

hereunder, or substantial summaries or extracts thereof, or information

contained therein ("CONFIDENTIAL information") shall be disclosed to any

1

person or used by any person except as hereafter provided. No such documents shall be photocopied or reproduced in any manner except as provided in paragraph 7, neither shall such information nor the contents of any such documents be disclosed except to persons authorized under paragraph 4. All documents designated CONFIDENTIAL and all copies thereof shall be returned to the party producing such documents, or destroyed in accordance with the instructions of the party producing such documents, not later than 30 days from the date of final disposition or conclusion of this action. The party returning the documents may request that the other party maintain copies of some or all of the returned documents for the required retention period of six years and such request shall be honored. Confidentiality hereunder is to be maintained both during and after the final disposition of this action. No person to whom CONFIDENTIAL information or documents have been disclosed shall use such information or documents except in connection with the prosecution or defense of this litigation. Neither this Order, nor the production of any such information or documents, shall constitute a waiver of any right, privilege or interest by the parties or of any valid objection asserted by the parties as to admissibility. Determinations of privilege and admissibility shall be reserved.

2.    Each party that produces documents or information considered by that party to be confidential shall place the word "CONFIDENTIAL" upon each such document in a readily visible manner or advise counsel that information or documents produced are confidential. Where only a portion of

2

confidential documents need to be restricted, counsel for the party claiming

confidentiality will, on request, cooperate in excising the confidential part of

the document and releasing the remainder of the document from the

restrictions contained herein.  Such designation may occur at any time up to

and including the fifteenth day after the date on which the documents or other

discovery materials were produced.  In the interim, all documents and other

information shall be treated as Confidential subject to this Consent Protective

Order.

      3.      If a party challenges the designation of "CONFIDENTIAL" as to

any information or document or category of documents produced by the other

party, then the party objecting to the marking of confidentiality shall notify the

designating party in writing.  If the parties are unable to resolve their dispute,

then the challenging party may move the Court for an appropriate Order to

permit disclosure of the document or information without the restrictions

provided for in this Order.  All parties shall refrain from designating documents

or information as confidential where there is no palpable basis for such a

designation (for example, portions of briefs containing legal argument without

reference to confidential factual information).

      4.      Disclosure of a document or information designated

CONFIDENTIAL may be made only to the following persons:

      (a)      Plaintiff, defendants, counsel for all parties and employees

of such counsel;

3

1-NY/2280522.4

(b)    Such directors, officers, representatives or employees of a party or its assignors, to whom disclosure is deemed by the party's counsel to be necessary for the prosecution or defense of this action;

(c)    Experts or proposed experts employed by counsel for a party;

(d)    The persons who were the authors or addressees of the documents, or who saw or received a copy;

(e)    Witnesses and consultants, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this action; and

(f)    Any Court before which the present action is pending, provided that any such document or information filed with the Court shall be sealed, subject to release only by order of the Court or by agreement of counsel for the producing party. The party submitting the confidential document or information to the Court shall do so in a closed envelope with the following legend, "Confidential pursuant to the order of the Court. The contents herein may be disclosed only to Counsel of Record and the Court."

Disclosure to parties other than those in (a) through (e) shall be permitted only by written agreement of the parties or by further Order of this Court.

5.    Regardless of the designation of "CONFIDENTIAL" pursuant to this Order, if a document of any party makes reference to the conduct or affairs of a potential witness, counsel may discuss such conduct or affairs with

4

1-NY/2280522.4

the witness, provided that counsel does not reveal the contents of the document, the identity of its author or its source. Such disclosure shall not constitute disclosure within the terms of paragraph 6 hereof.

6.      Prior to any disclosure by counsel pursuant to subparagraph 4(c) and 4(e) hereof, a copy of this Consent Protective Order shall be presented to the person to whom the document or information is to be disclosed, who shall sign and date it or otherwise signify in writing that she has received and read the contents of this Order, that she has been advised that a violation of this Order may subject her to sanctions for contempt of Court, and that she consents to be bound by its terms. Counsel obtaining such signature shall retain the signed copy of this Order or other suitable evidence of such person's consent in his or her files.

7.      Nothing contained herein shall be construed to prejudice any party's right to use any document or information for purposes of further discovery. Counsel may make and use a photocopy of a document designated CONFIDENTIAL if such copy (a) is retained in counsel's or co-counsel's office and is made for counsel's internal use only, or (b) is to be used for purposes of disclosure pursuant to paragraph 4 hereof, provided that all such copies are returned to counsel within the time provided in paragraph 1 herein, or (c) is to be identified in a deposition or used as a deposition exhibit. Whenever confidential information or a confidential document is discussed in a deposition, counsel for the party that disclosed the information or produced the document may, at the time of the deposition or within 15 days

5

following receipt of a copy of the transcript from the reporter, designate by page and line those portions of the transcript as CONFIDENTIAL. Until the expiration of this 15 day period, the entire deposition will be treated as subject to protection against disclosure under this Order. Thereafter, disclosure of that part of the transcript designated CONFIDENTIAL shall be restricted to the witness, to counsel, to the Court and to other persons authorized by this Consent Protective Order. Deposition exhibits and the transcript of testimony regarding the same which have been designated CONFIDENTIAL shall, upon an appropriate Order, be filed under seal when filed and be subject to the provisions of this Order.

8.    The inadvertent or unintentional disclosure by any party at any time of documents or information designated CONFIDENTIAL shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.

9.    Any party breaching this Order is subject to sanctions and reasonable counsel fees in the discretion of the Court.

1-NY/2280522.4

Date:
          New York, New York

Upon consent of the parties:

Andrew Dwyer                              Amber L. Kagan
The Dwyer Law Firm, L.L.C.                Morgan Lewis & Bockius LLP
Attorneys for Plaintiff                   Attorneys for Defendants

Andrew Dwyer (AD-7793)                    Amber L. Kagan (AK-7973)
                                          Jill Barbarino (JB-6385)


                                          Daniel S. Moretti
                                          Landman Corsi Ballaine & Ford,
                                          P.C.
                                          Attorneys for Defendants

                                          Daniel S. Moretti (DM-6630)


                                          SO ORDERED:


                                          HON. COLLEEN McMAHON
                                          UNITED STATES DISTRICT JUDGE

                                          3-6-08

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVE BIEGEL,                               :

     Plaintiff,                               :

                              : Civil Action No. 07-9653 (CM)(THK)

     v.                                    :

DENTSU HOLDINGS USA, INC.,
DENTSU AMERICA, INC.,                       :
TOYO SHIGETA and
TIMOTHY ANDREE,                             :

     Defendants.                           :

I have been provided with a copy of the annexed Consent

Protective Order. I have thoroughly reviewed its terms, and I agree to abide

by those terms.

Dated: _____

_____

8

1-NY/2280522.4