UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE DWYER LAW FIRM, L.L.C.
17 Academy Street, Suite 1010
Newark, New Jersey 07102
(973) 242-3636
Andrew Dwyer (AD-7793)
Attorneys for Plaintiff

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/08

STEVE BIEGEL,

    Plaintiff,

v.

DENTSU HOLDINGS USA, INC.,
DENTSU AMERICA, INC.,
TOYO SHIGETA and
TIMOTHY ANDREE,

    Defendants.

Hon. Colleen McMahon, U.S.D.J.

Civil Action No. 07-9653 (CM) (THK)

## REVISED CIVIL CASE MANAGEMENT PLAN

1. This case is to be tried to a jury.

2. Discovery pursuant to Fed. R. Civ. P. 26(a) shall be exchanged by January 24, 2008, but they may be supplemented when the defendants file a responsive pleading to the Amended Complaint.

3. No additional parties may be joined after February 20, 2008.

4. No pleading may be amended after March 15, 2008.

5. If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any

defendant who intends to claim qualified immunity must comply with the special procedures set forth in Judge McMahon's individual rules, which can be found at www.nysd.uscourts.gov.

Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify any party who is moving to dismiss on qualified immunity grounds.* **None; not applicable.**

6. All discovery, including expert discovery, must be completed on or before **October 9, 2008**. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and shall be completed by **April 30, 2008**. PLEASE NOTE: the phrase "all discovery including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff's expert report(s) by **May 14, 2008**; Defendants' expert report(s) by **June 30, 2008**.

7. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supercede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8. This case has been designated to the Hon. United States Magistrate **Theodore H. Katz** for resolution of discovery disputes. Do not contact Judge McMahon about discovery disputes; go directly to your assigned Magistrate Judge.

Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discover because they have run out of time.

9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before **November 24, 2008.** Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to *in limine* motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Date:

    New York, New York

Upon consent of the parties:

Andrew Dwyer
The Dwyer Law Firm, L.L.C.
Attorneys for Plaintiff

_____
Andrew Dwyer (AD-7793)

Amber L. Kagan
Morgan Lewis & Bockius LLP
Attorneys for Defendants

_____
Amber L. Kagan (AK-7973)

Daniel S. Moretti
Landman Corsi Ballaine & Ford, P.C.
Attorneys for Defendants

_____
Daniel S. Moretti (DM-6630)

SO ORDERED:

_____
HON. COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

3-11-08

1-NY/2268308.1

4